THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:07-CV-272-F

MICHAEL T. MOORE )
)
    Plaintiff, )
)
v. )
) **ORDER**
)
ROCKY MOUNT POLICE )
DEPARTMENT )
)
    Defendant. )

This matter is before the court on frivolity review. Plaintiff Michael T. Moore is currently incarcerated and as such, may not proceed in forma pauperis. See 28 U.S.C. § 1915(b)(1) & (2). The court has issued an order directing Plaintiff to pay the requisite filing fees. [DE-6].

Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief may be granted, or which seeks money damages from a defendant immune from such recovery. See Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996) (discussing sua sponte dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, Plaintiff is suing the Rocky Mount Police Department alleging "harrassment [sic], false acuse [sic], emotional distress, false imprisonment since 2003"

1

and bases jurisdiction on the "Nash County Court room." Plaintiff has provided no further detail or explanation and it is unclear to the court on what grounds it could exert jurisdiction over the case, as Plaintiff seems to invoke neither diversity jurisdiction, 28 U.S.C. 1332, nor a federal question, 28 U.S.C. § 1331. Even if jurisdiction could be presumed, Plaintiff has failed to allege any facts to support a claim. As noted in White v. White, a plaintiff may not simply present conclusions, but must allege some minimum level of factual support for his claims in order to avoid dismissal. See White v. White, 886 F.2d 721, 724 (4th Cir. 1989). Even granting Plaintiff, as a pro se litigant, more liberal treatment, he has failed to raise a claim that is cognizable in this court. Id. at 722-23. Accordingly, the court recommends that Plaintiff's complaint be dismissed as frivolous.

## CONCLUSION

Accordingly, for the reasons stated above, the court **RECOMMENDS** that the underlying complaint be **DISMISSED** as frivolous. The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten (10) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This 15th day of October 2007.

DAVID W. DANIEL
United States Magistrate Judge